24-827

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**SHANNON KELLY,**

                Plaintiff-Appellant,

    v.

**M. ROSALES, et al.,**

               Defendants-Appellees.

On Appeal from the United States District Court
for the Central District of California

No. 2:23-cv-05940-MCS-JPR
The Honorable Mark C. Scarsi, District Judge

### DEFENDANTS-APPELLEES' MOTION TO STRIKE EVIDENCE ON APPEAL

ROB BONTA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
NEAH HUYNH
Supervising Deputy Attorney General
GEORGE R. MORRIS
SARAH M. BRATTIN*
Deputy Attorneys General
State Bar No. 302043
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7321
  Fax: (916) 324-5205
  Email: Sarah.Brattin@doj.ca.gov
*Attorneys for Defendants-Appellees Rosales, Martinez, and Cody*

## INTRODUCTION

This Court should strike Plaintiff-Appellant Shannon Kelly's exhibits attached to her opening brief that were not part of the record below and are not relevant to the disposition of the appeal. (*See* AOB 68-96[1]). Moreover, the Court should either strike or disregard documents attached to Kelly's opening brief that appear to have been filed in the district court, but do not have the Electronic Court Filing (ECF) stamp showing they were the versions actually filed with the court. (*See* AOB 97-161.) The Court should instead review the ECF-stamped versions included in Defendants-Appellees' supplemental excerpts of record.

## RELEVANT FACTS

Kelly filed the underlying lawsuit in the district court seeking to recoup expenses she incurred while driving her Porsche to and from a family visit with her incarcerated husband. (SER-116-118.) The visit was cancelled due to her husband's pending Rules Violation Report, but she allegedly did not find out until after she arrived. (SER-118.) Following the dismissal of her case, Kelly appealed and, instead of filing excerpts of record, attached ten exhibits to her opening brief. (AOB 68-161.) Some exhibits appear to have been filed in the case below, but

---

[1] Because Kelly's pagination is inconsistent and does not include page numbers for the exhibits themselves, Defendants refer to the page numbers of the Portable Document Format (PDF) document and Ninth Circuit ECF numbering when referencing exhibits.

2

none were the ECF-stamped versions filed in the district court. Kelly also submitted her own declaration drafted after the case was dismissed and presented it for the first time on appeal without moving for judicial notice or otherwise moving to supplement the appellate record.

## LEGAL STANDARD

Appellate Courts generally will not consider issues or evidence raised for the first time on appeal. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) (holding the failure to raise an issue before the district court in a manner that provides the court the opportunity to decide the issue waives the issue on appeal); *McKnight v. Hinojosa*, 54 F.4th 1069, 1078, (9th Cir. 2022) (declining to entertain an argument for the first time on appeal that was not presented to the district court); *Keliihuluhulu v. Strance*, 692 F. App'x 406, 407 (9th Cir. 2017) (declining to consider evidence submitted for the first time on appeal). It is a "basic tenet of appellate jurisprudence ... that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below." *Tonry v. Sec. Experts, Inc.*, 20 F.3d 967, 974 (9th Cir. 1994).

There are limited circumstances when the record may be supplemented on appeal: (1) correcting inadvertent omissions from the record; (2) taking judicial notice; or (3) in other "extraordinary cases." *Lowry v. Barnhardt*, 329 F.3d 1019, 1024 (9th Cir. 2003). Evidence improperly included in the record, and all

3

references to it, should be stricken because it is not properly before the court and cannot be considered. *Barcamerica Int'l USA Trust v. Tyfield Imps. Inc.*, 289 F.3d 589, 593-95 (9th Cir. 2002); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077-78 (9th Cir. 1988).

## ARGUMENT

I. **THIS COURT SHOULD STRIKE EXHIBITS A, B, C1 AND C2.**

This Court should strike Kelly's declaration attached to her opening brief as **Exhibit B** (AOB 76-80), because it was written after the district court's judgment and therefore constitutes improper new evidence on appeal. *See Keliihuluhulu*, 692 F. App'x at 407 (declining to consider evidence submitted for the first time on appeal). And Kelly failed to submit any "motion or formal request" to supplement the record. *Lowry*, 329 F.3d at 1025; *Kirshner*, 842 F.2d at 1077. Accordingly, Kelly's declaration should be stricken in its entirety as well as all references to it in the opening brief.

This Court should also strike the documents purporting to be "in-person visiting policies" for California State Prison, Los Angeles County attached to her opening brief as **Exhibit A**. (AOB 68-75.) While it appears that Kelly attached some version of these documents to her objections to the magistrate judge's report and recommendation, the version attached to her opening brief does not contain the ECF stamp from the district court and therefore it cannot be determined if these

4

documents were a part of the record below. Moreover, even if Kelly had moved for judicial notice of these documents, these documents are not appropriate for judicial notice because they are not authenticated, they are incomplete, and are irrelevant because they post-date the May 2023 visit at issue in Kelly's lawsuit since these policies appear to have been revised in August 2023. *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (denying request for judicial notice because the documents were not relevant to the disposition of the appeal); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 (9th Cir. 2000) (same). Thus, Exhibit A, and all references to it in the opening brief, should be stricken.

    Similarly, this Court should strike **Exhibit C1**, which is Kelly's husband's declaration. (AOB 81-83.) While some version of this document may have also been filed in the district court, Exhibit C1 does not have the ECF stamp verifying it was the one actually filed. In addition, this document is also not appropriate for judicial notice because it discusses correspondence and prison appeals that post-date the May 2023 visit at issue in Kelly's lawsuit and therefore are not relevant to the issues on appeal. *Cuellar*, 596 F.3d at 512; *Flick*, 205 F.3d at 393. Exhibit C1, and all references to it in the opening brief, should be stricken.

    In addition, this Court should strike **Exhibit C2**, which is the purported Rules Violation Report that Kelly sought judicial notice of in the district court. (AOB 84-96.) The request was denied in part because Kelly only attached the first two of

5

the twelve pages of the document. (SER-28.) Apart from not having the ECF-stamp showing the first two pages were actually filed in the district court, the remainder of the report is impermissibly being offered as evidence for the first time on appeal without a request for judicial notice or motion to supplement the record. *See Keliihuluhulu*, 692 F. App'x at 407; *see also Lowry*, 329 F.3d at 1025; *Kirshner*, 842 F.2d at 1077. Moreover, this document has not been properly authenticated and Kelly has not demonstrated that this document is relevant to the issues to be decided on appeal. *Cuellar*, 596 F.3d at 512; *Flick*, 205 F.3d at 393. Accordingly, Exhibit C1, and all references to it in the opening brief, should be stricken.

## II. THE COURT SHOULD STRIKE OR DISREGARD EXHIBITS D1, D2, E, F, G1, AND G2.

Finally, this Court should strike or disregard the documents attached to Kelly's opening brief as Exhibits **D1, D2**, **E**, **F**, **G1** and **G2** (AOB 97-161). While it appears that these documents are the district court's report and recommendation dismissing Kelly's case, the district court's final judgment, and Kelly's notice of appeal and motions for judicial notice and informal discovery, these documents do not have the ECF stamp verifying they were the documents actually filed. This Court should refer to the ECF-stamped copies of these documents included in Defendants-Appellees' supplement excerpts of record at SER-22-37 (Ex. D1),

SER-3-5 (Ex. D2), SER-124 (Ex. E), SER-55-60 (Ex. F), SER-61-74 (Ex. G1), and SER-38-54 (Ex. G2).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants-Appellees' motion to strike.

Dated: May 10, 2024         Respectfully submitted,

ROB BONTA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
NEAH HUYNH
Supervising Deputy Attorney General
GEORGE R. MORRIS
Deputy Attorney General

*s/ Sarah M. Brattin*

SARAH M. BRATTIN
Deputy Attorney General
*Attorneys for Defendants-Appellees Rosales, Martinez, and Cody*

LA2024600825

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** 24-827

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Shannon Kelly
937 A Street
Crockett, CA 94525

**Description of Document(s)** *(required for all documents)*:

MOTION TO STRIKE EVIDENCE ON APPEAL

**Signature** s/ Y. Pacheco **Date** 05/10/24

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

Form 15     *Rev. 12/01/2018*